UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:16-CR |
| ) | **1:16-cr-0199 TWP -DKL** |
| LANCE KYER, ) | |
| ) | |
| Defendant. ) | |

### INFORMATION

The United States Attorney charges that:

### General Allegations for all Counts

At times material to these charges:

1. The Defendant, Lance Kyer, was a 30-year-old resident of Indianapolis, in the Southern District of Indiana.

### Definitions

2. **Coercion and Enticement (18 U.S.C. § 2422(b))**: Under the United States Code, it is unlawful for a person, using the mail or any facility or means of interstate or foreign commerce, to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, or attempting do so. This statute incorporates both state and federal law in determining whether the underlying sexual activity is a criminal offense,

including the federal law prohibiting the sexual exploitation of a child, (18 U.S.C. § 2251(a)), the Ohio law prohibiting sexual misconduct with a minor (Ohio Code 2907.04), and the Indiana law prohibiting child molestation (IC 35-42-4-3).

3. **Sexual Exploitation of a Child (18 U.S.C. § 2251(a)):** Under the United States Code, it is unlawful for a person to employ, use, persuade, induce, entice, or coerce any minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed. It is also a crime to attempt to sexually exploit a child. 18 U.S.C. § 2251(e).

4. The term "minor" is defined as a person under the age of 18 years. 18 U.S.C. § 2256(1).

5. The term "visual depiction" is defined as to include undeveloped film and videotape, data stored on computer disk or by other electronic means which is capable of conversion into a visual image, and data which is capable of

conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format. 18 U.S.C. § 2256(5).

6. **Indiana Law for Count 1: Sexual Misconduct with a Minor (Indiana Code 35-42-4-3)**: This Indiana statute prohibits a person from performing or submitting to sexual intercourse or deviate sexual conduct with a child under the age of 14 years, if the offender is at least 21 years of age.

7. **Ohio Law for Count 2: Sexual Misconduct with a Minor (Ohio Code 2907.04)**: This Ohio statute prohibits a person from engaging in sexual conduct with a child under the age of 16 years, if the offender is at least four years older than the child.

## COUNT 1 (Child Victim 1)

### Coercion and Enticement
### 18 U.S.C. § 2422(b)

8. The pseudonym "Child Victim 1" represents a 10-year-old minor boy, who lived in the Southern District of Indiana.

9. On or about January 14, 2016, the mother of Child Victim 1 reported that Lance Kyer was communicating about sexual matters with her 10-year-old son through a mobile device application. The mother gave an undercover law enforcement officer ("KS") permission to take over her son's application and provided Child Victim 1's user name and the password. KS then entered the boy's account and re-established contact with Kyer, while using the persona of the same 10-year-old boy, Child Victim 1.

10. During communications with Kyer, and while KS was posing as Child Victim 1, Kyer explained that he was in a bowling league in Indianapolis. He then stated "Too bad u can't come here and see me", followed by asking "When you want to meet"? Kyer explained that he was bowling until 9:30 pm that day, January 14, 2016. Kyer then said "Yea I got my grandmas house to myself tonight" and "Too bad u can't come over".

11. While posing as Boy 1, KS asked what Kyer would do if Child Victim 1 met him. Kyer then stated "We can watch movies maybe fool around if you like". KS reconfirmed that KS was 10 years of age.

12. During the communication, Kyer asked Child Victim 1 where the boy lived. Kyer then asked Child Victim 1 to meet Kyer at a local gas station in Indianapolis.

13. As the conversation continued, Kyer specifically described the sexual acts that he wanted to engage in with Child Victim 1.

14. Posing as Child Victim 1, KS asked if the sexual acts would hurt. In response, Kyer stated that: "at first it will but will feel good afterwards". Kyer then said "Well I'll lay down and u can slide it in if u want". Using Child Victim 1's persona, KS asked "where do I slide it"? He answered with "Ur butt u can slide it on my penis if u want too".

15. Engaging in anal intercourse with a 10-year-old minor would be illegal under Indiana law.

16. Kyer and KS (posing as Child Victim 1) exchanged information as to what each other was wearing so they would be able to identify each other upon arrival at the gas station. Kyer explained that he would be wearing a red sweater.

17. Before the meeting time arrived, KS went to the Indianapolis bowling alley and located Kyer.

18. Later that night, KS left the bowling alley and went to the local gas station, which was designated as the meeting location. Soon after, Kyer went to the local gas station to meet Child Victim 1.

19. On or about January 15, 2016, Defendant Lance Kyer did use a facility or means of interstate or foreign commerce to attempt to knowingly persuade, induce, entice, and coerce, Child Victim 1, an individual who has not attained the age of 16 years, to engage in sexual activity for which any person could be charged with a criminal offense, specifically, sexual intercourse or deviate sexual conduct with a child under the age of 14 years as defined in Indiana Code.

All of which is a violation of 18 U.S.C. § 2422(b).

### COUNT 2 (Child Victim 2)

**Travel with Intent to Engage in Illicit Sexual Conduct with a Minor
18 U.S.C. § 2423(b)**

20. The pseudonym "Child Victim 2" represents a 13-year-old minor boy, who lived in Ohio.

21. In or about 2015, Kyer and Child Victim 2 met through the Internet and began communicating through text messages and other means over the course of several months.

22. Kyer communicated with Child Victim 2 using facilities of interstate or foreign commerce, including cellular phones, applications, and the Internet. These communications included incoming and outgoing cellular phone calls, images, videos, and messages.

23. During their communications, Kyer discussed sexual matters with Child Victim 2, including the sexual acts that Kyer wanted to do with Child Victim 2 even though Kyer knew that the boy was only 13 years old. Kyer also sent Child Victim 2 images of Kyer's penis through text messages and the Internet.

24. Kyer persuaded, induced, enticed, and coerced Child Victim 2 to produce sexually explicit images or videos and send them to Kyer. Kyer told Child Victim 2 that Kyer wanted him to send specific types of images and videos of Child Victim 2, including nudity. Child Victim 2 eventually sent videos to Kyer, using his cellular phone service and the Internet.

25. The communications between Kyer and Child Victim 2 included the exchange of more than 1,100 messages. Kyer received and saved on his cellular phone visual depictions of Child Victim 2 engaging in sexually explicit conduct.

26. Kyer drove from Indianapolis, Indiana, to Ohio and secretly picked up Child Victim 2 at his home. Kyer's purpose of this travel, which he discussed

during text messages, was to meet with Child Victim 2 and engage in sexual acts at another location.

27. During these communications, Kyer knowingly persuaded, induced, enticed, and coerced Child Victim 2 to meet him to engage in sexual activity on at least two different occasions in Ohio.

28. During these communications, Kyer also knowingly persuaded, induced, enticed, and coerced Child Victim 2 to engage in sexually explicit conduct for the purpose of transmitting visual depictions of such conduct, which were then actually transmitted to Kyer using a facility of interstate or foreign commerce.

29. In or about 2015, Defendant Lance Kyer did travel in interstate commerce by crossing the Indiana-Ohio state line for the purpose of engaging in any illicit sexual conduct with another person, specifically sexual acts with Child Victim 2, a 13-year-old boy, as prohibited by Ohio Code 2907.04, and sexual exploitation of a child, as prohibited by 18 U.S.C. § 2251(a).

All of which is a violation of 18 U.S.C. § 2423(b).

_____
JOSH J. MINKLER
United States Attorney

STATE OF INDIANA    )
                    )  SS:
COUNTY OF MARION    )

Steven D. DeBrota, being first duly sworn, upon his oath deposes and says that he is an Assistant United States Attorney in and for the Southern District of Indiana, that he makes this affidavit for and on behalf of the United States of America and that the allegations in the foregoing Information are true as he is informed and verily believes.

_____
Steven D. DeBrota
Senior Litigation Counsel

Subscribed and sworn to before me, a notary public, on this 20th day of September, 2016.

_____
Carrie A. Griffin
Notary Public

My Commission Expires: 1/21/2024

My County of Residence: Hancock

CARRIE A. GRIFFIN
Hancock County
My Commission Expires
January 21, 2024