UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:16-cr-199-TWP-DKL-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| LANCE KYER | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☐ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cr-00199-TWP-DKL |
| | ) | |
| LANCE KYER, | ) | -01 |
| | ) | |
| Defendant. | ) | |

# ORDER

Pending before the Court is Lance Kyer's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). Dkt. 59. Mr. Kyer seeks immediate release from incarceration. *Id.* Because Mr. Kyer has not shown extraordinary and compelling reasons for a sentence reduction, his motion is **DENIED.**

## I.
### BACKGROUND

In January 2017, the Court sentenced Mr. Kyer to 192 months' imprisonment in the Bureau of Prisons ("BOP") and 20 years of supervised release for one count of attempted coercion or enticement of a minor, in violation of 18 U.S.C. § 2422(b), and one count of traveling to engage in illicit sexual acts with a minor, in violation of 18 U.S.C. § 2423(b). Dkts. 53, 54. Judgment was entered on February 3, 2017. Dkt. 54.

On August 4, 2020, Mr. Kyer filed a pro se letter that the Court construed as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Dkt. 57. The Court concluded that the motion did not, on its face, show that Mr. Kyer was entitled to compassionate release and denied

2

the motion without prejudice. Dkt. 58. The Court informed Mr. Kyer that he could file a renewed motion by completing and returning the Court's form compassionate release motion. *Id.* It also noted that many of Mr. Kyer's complaints about the BOP's alleged failure to provide him with medical care suggested that he may wish to consider filing an action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), or a claim for injunctive relief. *Id.* It informed him that any such action should be filed in the district where he is confined and sent him a prisoner civil rights complaint. *Id.*

On September 2, 2020, Mr. Kyer submitted a renewed motion by completing and returning the Court's form compassionate release motion. Dkt. 59. That motion is currently pending before the Court.[1]

## II.
### DISCUSSION

Mr. Kyer is 35 years old. He is now incarcerated at FCI Elkton in Lisbon, Ohio. According to the BOP website, Mr. Kyer's release date is September 1, 2029.

In his renewed motion, Mr. Kyer checked boxes stating that he is seeking release because he: (1) has been diagnosed with a terminal illness; (2) has a serious physical or medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility from which he is not expected to recover; and (3) has deteriorating physical or mental health because of the aging process that substantially diminishes his ability to provide self-care within the environment of a correctional facility from which he is not expected to recover.

---

[1] The Court concludes that it does not require a response brief from the United States to decide the issues presented by Mr. Kyer's motion.

3

Dkt. 59 at 2.[2] When asked to list the medical diagnoses underlying his motion, he wrote, "Asthma/COPD, hernia mesh, right hand tremor." *Id.* at 6. When asked to list his prescription medications, he wrote, "Albuterol inhaler." *Id.* at 7. When asked if he requires durable medical equipment; requires assistance with self-care such as bathing, walking, or toileting; or requires assisted living, he checked, "No." *Id.* Finally, he provided the following statement in support of his motion:

> I've been getting poorly service from the medical staff here @ FCI Elkton. With my medical conditions I got (hernia mesh, asthma/COPD, + right hand tremor), the medical staff knows because I've told them when I first arrived here, and still hasn't done anything about it to fix it. Yes, they prescribed me an inhaler, but it's useless. That's the only thing they did since being here. So I'm begging, Your Honor, please help me with the proper help by being w/ my family who really needs me.

*Id.* at 4.

> 18 U.S.C. § 3582(c) provides in relevant part:
>
> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> **(i)** extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

---

[2] Citations to this document are to the page numbers "stamped" on the document when it was filed in CM/ECF.

4

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples."  28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* In response to this directive, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c), contained in United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 and the accompanying Application Notes. While that particular policy statement has not yet been updated to reflect that defendants (and not just the BOP) may move for compassionate release,[3] courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction. *E.g.*, *United States v. Casey*, 2019 WL 1987311, at *1 (W.D. Va. 2019); *United States v. Gutierrez*, 2019 WL 1472320, at *2 (D.N.M. 2019); *United States v. Overcash*, 2019 WL 1472104, at *2-3 (W.D.N.C. 2019). There is no reason to believe, moreover, that the identity of the movant (either the defendant or the BOP) should have any impact on the factors the Court should consider.

As provided in § 1B1.13, consistent with the statutory directive in § 3582(c)(1)(A), the compassionate release analysis requires several findings. First, the Court must address whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, the Court must determine whether Mr. Kyer is "a danger to the safety of any other person or to the

---

[3]Until December 21, 2018, only the BOP could bring a motion for sentence reduction under § 3582(c)(1)(A). The First Step Act of 2018, which became effective on December 21, 2018, amended § 3582(c)(1)(A) to allow defendants to bring such motions directly, after exhausting administrative remedies. *See* 132 Stat. at 5239 (First Step Act § 603(b)).

community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, the Court must consider the § 3553(a) factors, "to the extent they are applicable." U.S.S.G. § 1B1.13.

Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D).[4]

---

[4] The policy statement provides that "[a] reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons." U.S.S.G. Manual §1B1.13, Application Note 4. Likewise, the catchall provision provides, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.*, Application Note 1(D). This policy statement has not been amended since the passage of the First Step Act. Insofar as it states that only the Director of the BOP can bring a motion under § 3582(c)(1)(A), it is directly contradicted by the amended statutory text. This discrepancy has led some courts to conclude that the Commission does not have a policy position applicable to motions under § 3582(c)(1)(A)(i) and that they have discretion to determine what constitutes an "extraordinary and compelling reason" on a case-by-case basis, looking to the policy statement as helpful, but not dispositive. *See, e.g., United States v. Perdigao*, No. 07-103, 2020 WL 1672322, at *2 (E.D. La. Apr. 2, 2020) (collecting cases); *see also United States v. Haynes*, No. 93 CF 1043 (RJD), 2020 WL 1941478, at *14 (E.D.N.Y. Apr. 22, 2020) (collecting cases). Other courts have held that they must follow the policy statement as it stands and, thus, that the Director of the BOP is the ultimate arbiter of what counts as "extraordinary and compelling" under the catchall provision. *See, e.g., United States v. Lynn*, No. 89-0072-WS, 2019 WL 3805349, at *2–4 (S.D. Ala. Aug. 13, 2019). The Court need not resolve that debate, though, because Mr. Kyer's motion is due to be denied even if the Court assumes that the policy statement is not binding and that is has the discretion to determine what constitutes an "extraordinary and compelling reason" for a sentence reduction.

Mr. Kyer does not suggest that Subsections (B) or (C) apply to him. He did, however, check boxes suggesting that Subsection (A) applies to him. *See* dkt. 59 at 2. To qualify under Subsection (A), Mr. Kyer must be "suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)," such as metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, or advanced dementia. U.S.S.G. § 1B.13, Application Note 1(A). Alternatively, Mr. Kyer may qualify under Subsection (A) if he is (1) suffering from a serious physical or medical condition or is experiencing deteriorating physical or mental health because of the aging process that (2) substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *Id.*

Here there is no evidence that Mr. Kyer suffers from a terminal illness as defined by the Application Note. While he claims to have been diagnosed with asthma/COPD and to have hernia mesh and a hand tremor, he does not suggest that any of those illnesses are serious, advanced, or carry an end of life trajectory. Likewise, while Mr. Kyer appears to have been diagnosed with some conditions, he does not suggest that he is substantially limited in providing self-care within the environment of a correctional facility, as required by Subsection (A). To the contrary, when asked if he required assistance with self-care, he checked the box for "No." Dkt. 59 at 7. Thus, Mr. Kyer does not qualify for compassionate release under Subsection (A).

The Court also concludes that the catchall provision in Subsection (D) does not apply. While the Court sympathizes with the difficulties Mr. Kyer has experienced in obtaining medical care, those difficulties do not represent a reason to release him from his sentence almost 9 years early. As the Court explained in its August 7 Order, if Mr. Kyer has complaints about his medical care, he may wish to consider filling an action under *Bivens v. Six Unknown Named Agents*, 403

U.S. 388 (1971), or a claim for injunctive relief. *Id.* Any such action should be filed in the district where he is confined. The Court sent him a prisoner civil rights complaint form with his copy of the August 7 Order.

Given the Court's determination that Mr. Kyer has not shown extraordinary and compelling reasons to justify his release, it does not need to decide whether he poses a danger to the community or whether the § 3553(a) factors weigh in favor of his release.

### III.
### CONCLUSION

For the reasons stated above, Mr. Kyer's Motion for Compassionate Release, dkt. [59], is **denied**.

**IT IS SO ORDERED.**

Date: 10/2/2020

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Lance Kyer
Reg. No. 14903-028
FCI Elkton
Federal Correctional Institution
P.O. Box 10
Lisbon, OH 44432